**580**

UNITED STATES

v.

Daniel R. MERCER, 478 72 8174, Mess Management Specialist Second Class (E–5), U.S. Navy.

NMCM 86 2154.

U.S. Navy-Marine Corps Court of Military Review.

Decided 12 Sept. 1986.

LCDR J.J. QUIGLEY, JAGC, USN, Appellate Defense Counsel.

LT GARY K. VAN METER, JGC, USNR, Appellate Defense Counsel.

LtCol STEPHEN S. MITCHELL, USMCR, Appellate Government Counsel.

Maj J.S. UBERMAN, USMC, Appellate Government Counsel.

Before C.H. MITCHELL, Senior Judge, and J.T. GLADIS and C.J. CASSEL, JJ.

GLADIS, Judge:

The accused was convicted contrary to his pleas at a special court-martial bench trial of wrongful use of marijuana, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a, and sentenced to a bad-conduct discharge. The convening authority approved the sentence.

The accused contends on appeal that the results of urinalysis tests alone are insufficient under the circumstances of this case to sustain the findings of guilty. We disagree and affirm.

The Government's evidence consisted of certified copies of a chain of custody document and laboratory reports, prepared in the regular course of business by the Navy Drug Screening Laboratory, Great Lakes, Illinois, which showed that a urine specimen taken from the accused tested positive for THC by two separate radioimmunoassay analyses and was confirmed positive by gas chromatography/mass spectrometry and copies of pages from the command log and testimony, which link the accused to the urine specimen tested by the laboratory. The reports included tests performed, conditions, and results. The military judge took judicial notice that the normal business of the Drug Screening Laboratory is to conduct tests on urine samples

to determine the presence or absence of metabolites of controlled substances; that the Laboratory is a place where scientific principles are applied in the analysis of urine samples; that in the normal course of business it records results of tests and maintains test reports and documents; and that THC is tetrahydrocannabinol, which is the psychoactive ingredient of marijuana. The defense offered no evidence and did not argue on the merits.

In *United States v. Harper,* 22 M.J. 157, 159 (C.M.A.1986), the Court held that laboratory results of urinalysis coupled with expert testimony explaining them constituted sufficient evidence to support the military judge's finding of use beyond a reasonable doubt and that the permissive inference of wrongfulness which could be drawn from the finding of use and other evidence presented in the case were, despite the accused's testimonial denial and character evidence, sufficient for the judge to find beyond a reasonable doubt that the use was wrongful. The Court did not hold that the mere presence of marijuana or its constituent elements in the body was a fact sufficient to show use, but instead additionally relied on expert testimony that the chemical traces of marijuana are not produced by the body or any other substance except marijuana. *Id.* at 161.

The standard for assessing the legal sufficiency of the evidence is whether, after viewing it in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, (1979); *United States v. Van Steenwyk,* 21 M.J. 795, 812 (NMCMR 1985). Sufficient evidence generally means some legal and competent evidence from which a court-martial may find or infer beyond a reasonable doubt those facts required by law for conviction. *United States v. Harper, supra* at 161.

▮ The first question is whether, under the circumstances of this case, in the absence of expert testimony explaining the laboratory results, the evidence is legally sufficient to prove use of marijuana beyond a reasonable doubt. We hold that it is. We find that the presence of marijuana in the body gives rise to a permissible inference of use because there is a rational connection between the fact proved, presence in the body, and the fact inferred, use. *See generally, Barnes v. United States,* 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973). Under the circumstances of this case, the permissible inference is not insufficient as a matter of law to support a finding of use beyond a reasonable doubt. The accuracy of the testing was unchallenged. The presence of marijuana in the accused's urine was unexplained. The defense did not deny that the accused used marijuana. In this context, the evidence and the permissible inference were sufficient to prove use beyond a reasonable doubt.[1]

▮ The next question is whether the evidence is legally sufficient to support the finding of wrongfulness. We find that under the circumstances of this case, the evidence and the permissive inference of wrongfulness which could be drawn from the finding of use were sufficient to prove wrongfulness beyond a reasonable doubt.[2] *See United States v. Harper, supra.*

Therefore, we conclude that the evidence is legally sufficient to prove the accused guilty of wrongful use of marijuana beyond a reasonable doubt. Viewing the evidence in the light most favorable to the prosecution, we find that a reasonable trier of fact could have found the essential ele-

---

1. We venture no opinion as to the legal sufficiency of evidence of the presence of marijuana in the body to prove use beyond a reasonable doubt when the evidence is controverted.

2. The evidence of the presence of the drug in the accused's body while he was on active duty within his unit would be sufficient to show

prejudice to the good order and discipline of the armed forces and consequently, is sufficient to show service connection in this case, in which prejudice to good order and discipline is not an element of the offense. *United States v. Harper, supra* at 159, 163, n. 5.

ments of the offense beyond a reasonable doubt.

■ The final question is whether we are convinced by the evidence of the accused's guilt beyond a reasonable doubt. *See* Article 66, UCMJ, 10 U.S.C. § 866. In the exercise of our duty to affirm only such findings of guilty as we find to be correct in law and fact, we are convinced by the evidence of the accused's guilt beyond a reasonable doubt.

Accordingly, the findings of guilty and sentence are affirmed. We have considered the appellant's desire to remain in the U.S. Navy.

Senior Judge MITCHELL and Judge CASSEL concur.