**UNITED STATES**

v.

**Michael J. MERRITT, 358 50 7053, Boiler Technician Third Class (E–4), U.S. Navy.**

**NMCM 86 2813.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 29 April 1986.

Decided 31 Oct. 1986.

RILEY, Judge:

The appellant was convicted contrary to his pleas at a special court-martial bench trial of wrongful use of marijuana on or about 5 February 1986, and wrongful use of cocaine on or about 16 April 1986, in

violation of Article 112a, Uniform Code of Military Justice (UCMJ). His sentence included, *inter alia*, a bad-conduct discharge, which the convening authority suspended for six months when he approved the sentence.

The appellant now contends that the evidence presented by the Government was insufficient to sustain these two findings of guilty because no evidence was presented explaining the significance of the presence of the metabolites of marijuana and cocaine in the appellant's urine; and thus, no evidence was presented that the appellant did in fact use these controlled substances. We reject his contention, and affirm. *United States v. Mercer*, 23 M.J. 580 (N.M.C.M.R.1986).

The fact pattern in this case and *United States v. Mercer, supra*, are virtually identical, with one important exception. *Mercer* presented no evidence in his defense. The accused in this case testified that he had never used cocaine and that he had not used marijuana for at least thirty days prior to his urinalysis testing which detected the marijuana metabolites in his urine. Unfortunately for him, however, this testimony was rendered incredible by his impeachment on cross-examination, which disclosed he had received nonjudicial punishment on 2 January 1986 for the earlier unrelated use of both cocaine and marijuana. His explanation for this earlier infraction (which was also detected by urinalysis testing), was that it occurred unknowingly and without his consent at a New Years Eve party when he asked for a cigarette and was given instead a marijuana joint laced with cocaine.

In *United States v. Harper*, 22 M.J. 157, 159 (C.M.A.1986), the Court held that laboratory results of urinalysis coupled with expert testimony explaining them constituted sufficient evidence to support the military judge's finding of use beyond a reasonable doubt and that the permissive inference of wrongfulness which could be drawn from the finding of use and other evidence presented in the case were, despite the accused's testimonial denial and character evidence, sufficient for the judge to find beyond a reasonable doubt that the use was wrongful. The Court did not hold that the mere presence of marijuana or its constituent elements in the body was a fact sufficient to show use, but instead additionally relied on expert testimony that the chemical traces of marijuana are not produced by the body or any other substance except marijuana. *Id.* at 161. In *United States v. Mercer, supra*, this Court went one step further and held that under the circumstances set forth therein, that even in the absence of expert testimony explaining the laboratory results, there could be legally sufficient evidence to prove the wrongful use of marijuana beyond a reasonable doubt *via* the use of permissible, not mandatory, inferences.

In the case now before us the accused testified that he did not use the controlled substances in question. Thus, the factfinder had before him some evidence directly contrary to those permissible inferences which would point to wrongful use. However, just as in *Harper* and *Mercer, supra*, the fact-finder here was free to embrace or reject those inferences. We agree with the military judge's decision in this case to apply the inferences to the other facts before him, which included the urinalysis results, and thus form a solid basis to support a finding of guilty of each wrongful use.

Accordingly, the findings and sentence as approved and partially suspended on review below are affirmed.