**UNITED STATES**

v.

**Melvin L. HAGAN, 202 44 8917, Gunnery Sergeant (E–7), U.S. Marine Corps.**

**NMCM 86 3013.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 6 June 1986.

Decided 6 March 1987.

LCDR ALVIN L. MCDONALD, JAGC, USN, Appellate Defense Counsel.

LT TIMOTHY D. PERSONS, JAGC, USNR, Appellate Defense Counsel.

LT AARON SANTA ANNA, JAGC, USNR, Appellate Government Counsel.

Before C.H. MITCHELL, Senior Judge, GLADIS and CASSEL, JJ.

GLADIS, Judge:

The accused was convicted, contrary to his pleas, by a special court-martial with members of wrongful use of cocaine in violation Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a, and sentenced to a bad conduct discharge, confinement for 6 months, forfeiture of $425.00 per month for 6 months, and reduction to pay grade E–1. The convening authority reduced the confinement to 60 days, but otherwise approved the sentence.

The accused contends that the results of urinalysis alone are insufficient under the facts of this case, as a matter of law, to support the findings of guilty. We agree and reverse.

Among other things, the Government introduced evidence in the form of a laboratory report stating that the accused's urine specimen contained benzoylecgonine in excess of DOD standards and that benzoylecgonine is one of the chemical by-products of cocaine when metabolized by the human body. There was evidence that the accused tried to avoid providing a sample of his urine. Although the accused denied the use of cocaine and introduced evidence of good character, the accuracy of the testing was unchallenged.

In *United States v. Murphy*, 23 M.J. 310 (C.M.A.1987), the Court of Military Appeals held that where scientific evidence is relied upon to prove use of marijuana, the Government may not presume that the judge or members are experts capable of interpreting such evidence. Expert testimony interpreting the tests or some other lawful substitute in the record is required to provide a rational basis upon which the factfinder may draw an inference that marijuana was used. In *Murphy* the Court found that there was no satisfactory basis in the record of trial for the factfinder to conclude first, that THC, for which the accused's urine tested positive, had any relationship to the prohibited substance, marijuana, and, second, that THC was not naturally produced by the accused's body or as a result of some other substance consumed by him.

In this case, the laboratory report, which stated that benzoylecgonine is one of the chemical by-products of cocaine when metabolized by the human body, provided a satisfactory basis for the factfinders to conclude that cocaine had been present in the accused's body. There was, however, no satisfactory basis in the record for them to conclude rationally that cocaine was not naturally produced by the accused's body or as a result of some other substance consumed by him. *See United States v. Murphy, supra.* Failure to find use in and of itself precludes conviction. *United States v. Ford*, 23 M.J. 331, 335 (C.M.A. 1987), n. 7. *Murphy* effectively overrules our prior decisions in *United States v. Mercer*, 23 M.J. 580 (N.M.C.M.R.1986) and *United States v. Merritt*, 23 M.J. 654 (N.M.C.M.R.1986), to the extent they hold the presence of a prohibited substance in an accused's body gives rise to a permissible inference that he used the substance. Therefore, the evidence in this case is insufficient to establish beyond a reasonable doubt the accused's guilt of wrongful use of cocaine. The findings of guilty and sen-

tence are set aside. The charge is dismissed.

Senior Judge MITCHELL and Judge CASSEL concur.